KELLI RAY STAPLETON,

    Petitioner,

v.

ANTHONY STEWART,

    Respondent,
_____/

Case No. 2:17-CV-11541
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Kelli Ray Stapleton, (petitioner), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her sentence for first-degree child abuse, Mich. Comp Laws § 750.136(b)(2). For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED.

## I. Background

Petitioner was originally charged with attempted murder, but pleaded guilty to the lesser offense of first-degree child abuse.

Petitioner was sentenced to ten to 22 years in prison.

Petitioner's conviction and sentence was affirmed. *People v. Stapleton*, No. 326600 (Mich. Ct. App. May 24, 2016); *lv. den.* 499 Mich. 926 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Scoring error in OV [Offense Variable] 1: Aggravated use of a weapon. (20 points). The trial court misconstrued the statute to include a grill as a harmful chemical device. OV 1 should have been zero [points].

1

II. Error in scoring OV 2: using a lethal weapon. A grill is not a harmful biological device or harmful radioactive device. OV 2 should have been scored a zero.

III. Error in scoring: OV 4 for 10 points for serious psychological injury. It should be scored at zero.

IV. Error in scoring in OV 9: 10 points, for counting self as a victim. How can a defendant be a victim? Court scored 2-9 victims?

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir.1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, this Court concludes that petitioner's sentencing claims do not entitle her to habeas relief, such that the petition must be summarily

2

denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner claims that the trial court incorrectly scored several offense variables of the Michigan Sentencing Guidelines.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claims that the state trial court incorrectly scored or calculated her sentencing guidelines range under the Michigan Sentencing Guidelines are not cognizable for federal habeas review, because they are basically state law claims. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining [her] sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating her guideline score would not merit habeas relief. *Id.* Petitioner's claims that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle her to habeas relief,

3

because such a departure does not violate any of the petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

### III. Conclusion

The Court summarily denies the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because she failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous.

### IV. ORDER

IT IS ORDERED That:

(1) The Petition For Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

(2) A Certificate of Appealability is **DENIED**.

(3) Petitioner is **DENIED** Leave to Appeal *In Forma Pauperis*.

Dated: June 9, 2017

s/Sean F. Cox  
Sean F. Cox  
U. S. District Judge

I hereby certify that on June 9, 2017, the foregoing document was served on counsel of record via electronic means and upon Kelly Stapleton via First Class mail at the address below:

Kelli Stapleton  
946309  
HURON VALLEY COMPLEX - WOMENS  
3201 BEMIS ROAD  
YPSILANTI, MI 48197

s/J. McCoy  
Case Manager